1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE ATONDO,

11          Plaintiff,                      No. CIV S-08-2794 FCD EFB

12          vs.

13   ANDREW SWANSON; and
     COUNTY OF SOLANO,
14                                          ORDER
            Defendants.
15   _____/

16          Defendant County of Solano has moved for reconsideration of a discovery order issued

17   by the undersigned on November 10, 2010, granting in part and denying in part plaintiff's

18   motion to compel defendants to produce documents.  Dckt. No. 62.  Specifically, the order

19   required the County to produce a list of all employees within nine departments within the County

20   who were (1) terminated for inexcusable neglect of duties; (2) disciplined for working overtime

21   that was not preapproved; and/or (3) disciplined for failing to maintain a license, between

22   January 2004 and November 2008.  *Id.*

23          The County argues that the burden of complying with the November 10 order is

24   enormous and would take approximately 47 weeks of work by a full-time employee.  Dckt. No.

25   62-1 at 2; *see also* Decl. of Georgia Cochran, Dckt. No. 62-2, ¶¶ 4-6.  The County contends that

26   the nine departments covered by the November 10 order comprise 68% of the County's work

1

1   force, and that absent a modification of that order, the County would have to review the

2   individual personnel file for each of the 1797 employees within those nine departments to

3   determine whether they were ever subjected to discipline.[1]  Dckt. No. 62-1 at 3; Cochran Decl.

4   ¶ 3.  The County further contends that it does not have adequate staffing to devote a full-time

5   employee to that task, that the work required by the November 10 order would ultimately prove

6   futile because records of discipline below suspensions are purged from files after three years,

7   and the information sought by plaintiff's discovery has little to no relevance to plaintiff's case as

8   and is outweighed by the burden of compliance.  Dckt. No. 62-1 at 3; Cochran Decl. ¶¶ 5-8.

9        Therefore, the County requests that the court lessen the burden of compliance by

10   excluding larger departments within the County or limiting production to the General Services

11   Department that employed plaintiff and the Resource Management Department that conducted

12   the *Skelly* hearing, and by limiting the discipline to suspensions and terminations (since the

13   County has no ability to generate a list of discipline imposed by the County below the level of

14   suspension or termination).  Dckt. No. 62-1 at 3; Cochran Decl. ¶ 3.

15        Plaintiff argues in opposition that the motion is untimely under Local Rule 303(b)

16   because it was not filed within fourteen days from the November 10 order, and that, pursuant to

17   Local Rule 303(b), the motion should have been filed with Judge Damrell, the presiding district

18   judge in this matter, and not the undersigned.  Dckt. No. 65 at 1-2.  As to this threshold concern,

19   plaintiff is mistaken.  The undersigned has authority to reconsider the November 10 order.  *See*

20   E.D. Cal. L.R. 230(j), 330(g).  Additionally, although the motion for reconsideration was not

21   filed within fourteen days, as contemplated by Local Rule 303(b), at the hearing on plaintiff's

22   motion to compel, the undersigned specifically informed the County that if it could submit

23

24        [1]  According to the County, the departments covered by the November 10 order have the
following number of employees:  Human Resources, 28; County Administration, 26; Health &
25   Social Services, 1074; Sheriff's Department, 408; Auditor's Department, 31; General Services,
119; and Resource Management, 111.  Dckt. No. 62-1 at 3; Cochran Decl. ¶ 4.  Defendants do
26   not indicate how many employees are in the Emergency Medical Services and Emergency
Services departments.

1   further information regarding the burden of complying with the November 10 order, the

2   undersigned would reconsider that order.  Therefore, the undersigned will consider the merits of

3   the motion.

4        As to the merits, plaintiff contends that the motion "is wrought with inaccuracies." *Id.* at

5   2.  Specifically, plaintiff notes that although defendants' motion states that each file requires 30

6   minutes, that there are 1,797 files, and that the total number of hours to complete the review is

7   1,360, a 30 minute review of 1,797 files would actually take 898.50 hours, not 1,360 hours.  *Id.*

8        Plaintiff further argues that although the County is concerned about the time and the cost

9   of complying with the November 10 order, it has not shown that the cost to comply with a

10  court's order can be the basis for a "manifest injustice."  *Id.*  To the contrary, plaintiff contends

11  that a greater injustice is done to plaintiff if the County is allowed to limit the production in the

12  manner suggested as plaintiff will be denied access to essential information that could prove

13  useful to his disparate treatment claim.  *Id.*

14       "[Motions] for reconsideration should not be granted, absent highly unusual

15  circumstances, unless the district court is presented with newly discovered evidence, committed

16  clear error, or if there is an intervening change in the controlling law."  *389 Orange Street*

17  *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999) (citing *School Dist. No. 1J v. ACandS, Inc.*,

18  5 F.3d 1255, 1263 (9th Cir.1993)); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d

19  364, 369 n. 5 (9th Cir.1989); see also E.D. Cal. L.R. 303(f) ("The standard that the assigned

20  Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth

21  in 28 U.S.C. § 636(b)(1)(A).").

22       Here, however, the court specifically informed the County at the hearing on plaintiff's

23  motion to compel that if the County could submit further information regarding the burden of

24  complying with the November 10 order, the undersigned would reconsider that order.  The

25  County has done so, and the evidence the County has presented suggests that the November 10

26  order should be modified.

Federal Rule of Civil Procedure 26(b)(2)(C)(iii) provides that on motion or on its own, a court must limit discovery if: "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, the court finds that, for the reasons explained in the County's motion for reconsideration and the declaration of Georgia Cochran in support thereof, the burden of fully complying with the November 10 order outweighs the likely benefit, as provided in Rule 26(b)(2)(C)(iii), since that order could be modified in a manner that would significantly decrease the burden and expense of the discovery at issue, while still providing plaintiff with ample discovery in support of his disparate treatment claim. Therefore, the County's motion will be granted in part.

Accordingly, IT IS HEREBY ORDERED that:

1. The County's motion for reconsideration, Dckt. No. 62, is granted in part;

2. The January 12, 2011 hearing on the motion for reconsideration is vacated; and

3. The November 10, 2010 order is modified as follows:

A. Within twenty-one days from the date of this order, the County of Solano shall respond to Interrogatory No. 5 by preparing a list of all County of Solano employees who were terminated for inexcusable neglect of duties between January 2004 and November 2008 and who worked in any of the following eight departments within the County of Solano: Human Resources, County Administration, Emergency Medical Services, Emergency Services, Sheriff's Department, Auditor's Department, General Services, and Resource Management.[2] The list shall include the date each termination occurred, the race/national origin of the terminated employee, and a summary of the reasons for the termination, but shall exclude any identifying information

[2] Because the Health & Social Services department is the largest County department (with 1074 employees) and because plaintiff will be obtaining information regarding employees in eight other departments, the County need not include employees who worked in the Health & Social Services department.

1  regarding the terminated employees.  Plaintiff will have fourteen days thereafter to request

2  names and contact information for relevant employees.

3        B.  Within thirty days from the date of this order, the County of Solano shall

4  respond to Interrogatory No. 11 by preparing a list of all County of Solano employees who were

5  disciplined between January 2004 and November 2008[3] for working overtime that was not pre-

6  approved and who worked in the General Services Department and Resource Management

7  Department.  Also, within thirty days from the date of this order, the County of Solano shall

8  prepare a list of all County of Solano employees who were terminated or suspended for working

9  overtime that was not pre-approved between January 2004 and November 2008 and who worked

10  in the remaining six departments delineated above: Human Resources, County Administration,

11  Emergency Medical Services, Emergency Services, Sheriff's Department, and Auditor's

12  Department.[4]  The lists shall include the date each disciplinary action, termination, or suspension

13  occurred, the race/national origin of the disciplined employee, and a summary of the reasons for

14  the discipline, but shall exclude any identifying information regarding the disciplined employees.

15  Plaintiff will have fourteen days thereafter to request names and contact information for relevant

16  employees.

17        C.  Further, within thirty days from the date of this order, the County of Solano

18  shall respond to Interrogatory No. 13 by preparing a list of all County of Solano employees who

19  were disciplined for failing to maintain a license between January 2004 and November 2008 and

20  who worked in the General Services Department and Resource Management Department.  Also,

21  within thirty days from the date of this order, the County of Solano shall prepare a list of all

22

23        [3]  The undersigned acknowledges that the County purges from its files all information
24  regarding discipline below suspensions after three years.  However, because the County has not
   indicated that it purges information regarding suspensions or terminations, the undersigned finds
25  that the January 2004 through November 2008 timeline is still appropriate.

26        [4]  The County need not provide information about disciplinary actions, other than
   terminations or suspensions, for the employees in these six departments.

5

1   County of Solano employees who were terminated or suspended failing to maintain a license

2   between January 2004 and November 2008 and who worked in the remaining six departments

3   delineated above: Human Resources, County Administration, Emergency Medical Services,

4   Emergency Services, Sheriff's Department, and Auditor's Department.[5]  The lists shall include

5   the date each disciplinary action, termination, or suspension occurred, the race/national origin of

6   the disciplined employee, and a summary of the reasons for the discipline, but shall exclude any

7   identifying information regarding the disciplined employees.  Plaintiff will have fourteen days

8   thereafter to request names and contact information for relevant employees.

9       SO ORDERED.

10   DATED:  January 5, 2011.

                          EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE

---

[5]  The County need not provide information about disciplinary actions, other than terminations or suspensions, for the employees in these six departments.